

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1137-16

**DAN DALE BURCH, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE NINTH COURT OF APPEALS
### MONTGOMERY COUNTY

**KELLER, P.J., filed a concurring opinion.**

I join the Court's opinion but write separately to set out an additional reason for rejecting appellant's claim: Because the trial court believed that it could place appellant on community supervision and acted on that belief, appellant received the consideration of community supervision that he had sought. Appellant knew that the trial court did not have to place him on community supervision and that he was taking a risk that the trial court would not do so. By statute, the trial court had no power to place appellant on community supervision, but the trial court *thought* it could do so and considered that option accordingly. The trial court decided not to place him on community

supervision, but Appellant got what his attorney told him he would get: the trial court's consideration of community supervision.

So, Appellant's attorney gave incorrect advice about whether the trial court could consider community supervision, but the trial court acted in accord with that advice by considering appellant for community supervision. The touchstone for prejudice is whether the attorney's deficient performance caused the result of the proceeding to be "unreliable" or "fundamentally unfair."[1] When the trial court's actions are in accord with defense counsel's advice, and the expectations arising from that advice are not otherwise violated, that advice, however inaccurate, does not cause the proceedings to be unreliable or fundamentally unfair.

I join the Court's opinion.

Filed: November 15, 2017

Publish

---

[1] *Lockhart v. Fretwell*, 506 U.S. 366, 369-70 (1993) ("Thus, an analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective. To set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him.").